1

2

3

4

5

6                                UNITED STATES DISTRICT COURT

7                                     DISTRICT OF NEVADA

8                                            * * *

9    ANGELA CARNEY, individually and as the    )
     natural mother and Guardian on behalf of  )
10   DEVIN CARNEY, an individual minor child,  )        03:05-CV-00713-LRH-RAM
                                               )
11                    Plaintiffs,              )
                                               )        ORDER
12    v.                                       )
                                               )
13   THE STATE OF NEVADA ex rel. its           )
     DEPARTMENT OF EDUCATION, et al.,          )
14                                             )
                      Defendants.              )
15                                             )
     _____)

16

17          Presently before the court is a Motion to Dismiss (# 40[1]) filed by defendants Elko County

18   School District, Elko County Board of Trustees, Antoinette Cavanaugh, Susan Lawrence, Leslie

19   Lotspeich, Bethany Burgess and Carol Banghart (collectively, "Defendants").  Plaintiffs Angela

20   Carney and Devin Carney (collectively, "Plaintiffs") have filed an opposition (# 48), and

21   Defendants replied (# 54).  Also before the court is Plaintiffs' ex parte Motion to Convert Motions

22   to Dismiss to Motions for Summary Judgment (# 41).

23   **I.  Factual Background**

24          During the time period relevant to this action, plaintiff Devin Carney ("Devin") was a seven

25   year old student at Spring Creek Elementary School in Elko County, Nevada.  Carney suffers from

26   _____

        [1]Refers to the court's docket number.

1  eosinophilic gastroenteritis, which causes him to be allergic to things common in the environment.

2  Devin also has asthma, acid reflux, and is prone to sinus infections.  Devin is fed through a gastric

3  tube that is surgically placed in his abdomen.

4         On August 23, 2004, Elko County School District initiated a nursing care plan for Devin.

5  Pursuant to the plan, Devin was to eat lunch with the other students.  However, Devin's classroom

6  teacher was responsible for transporting the IV pole to which his feeding pump was attached.  The

7  nursing care plan provided that the school nurse would have an extra gastric tube and emergency

8  medications at all times.

9         Plaintiffs allege that Elko County School District failed to adhere to the nursing plan.

10 Specifically, the First Amended Complaint alleges Devin was seated near other children without

11 regard for his safety, the classroom teacher failed to transport the IV pole, and failed to assist Devin

12 in remembering to hook up his pump.  Furthermore, Plaintiffs allege that the school nurse was

13 sometimes absent without any notice to Angela Carney.

14        On February 15, 2005, Devin's gastric tube was pulled out by a classmate.  A nurse was not

15 on duty to reinsert the tube and Devin was care-flighted to Salt Lake City where he received

16 surgery to reinsert the tube.  Plaintiffs allege that Devin was unable to return to school because he

17 was terrified that he would be injured.  On March 23, 2006, Plaintiffs filed an amended complaint

18 alleging violations of the Rehabilitation Act, Title II of the American with Disabilities Act, 42

19 U.S.C. § 1983, negligence, and negligent infliction of emotional distress.

20 **II.  Legal Standard**

21        In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken

22 as true and construed in a light most favorable to the non-moving party."  *Wyler Summit P'Ship v.*

23 *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a court

24 does not necessarily assume the truth of legal conclusions merely because they are cast in the form

25 of factual allegations in plaintiff's complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d 752,

26

2

1    754-55 (9th Cir. 1994).

2      There is a strong presumption against dismissing an action for failure to state a claim. *See*

3    *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). "The issue is

4    not whether a plaintiff will ultimately prevail but whether [he or she] is entitled to offer evidence in

5    support of the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds

6    by *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982)). Consequently, the court should not grant a

7    motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can

8    prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*,

9    355 U.S. 41, 45-46 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995).

10   **III. Discussion**

11     Defendants argue that this case should be dismissed based on a mediation agreement and

12   because Plaintiffs failed to exhaust their administrative remedies. In opposition, Plaintiffs argue

13   that they are not seeking educational remedies, but are seeking damages for the physical injuries to

14   Devin and for emotional distress for Angela Carney.

15     The focus of the present motion is on Plaintiffs' third cause of action. Plaintiffs' third cause

16   of action seeks compensatory damages for an alleged violation of 42 U.S.C. § 1983. Section 1983

17   does not confer substantive rights; rather, it redresses the deprivation of those rights secured by the

18   Federal statutes or by the constitution. In this case, the deprivation allegedly occurred through the

19   violation of the Individuals with Disabilities Education Act ("IDEA"). Although not addressed by

20   the parties, the court finds that Congress has foreclosed a Section 1983 remedy for IDEA

21   violations. Therefore, Plaintiffs' third cause of action must be dismissed.

22     "When the remedial devices provided in a particular Act are sufficiently comprehensive,

23   they may suffice to demonstrate congressional intent to preclude the remedy of suits under § 1983."

24   *Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981). In

25   determining whether an act subsumes a section 1983 action, the court must determine whether

26

3

1    Congress intended that act to supplant any remedy that would otherwise be available under section

2    1983. *Id*. at 21.  Such Congressional intent may be found directly in the statute creating the right or

3    inferred when the statutory scheme is incompatible with individual enforcement under section

4    1983. *City of Rancho Palos Verdes, Cal. v. Abrams*, 125 S.Ct. 1453, 1458 (2005).

5         There is a split of authority in the federal circuits as to whether redress for violations of

6    IDEA may be pursued through a § 1983 claim, and the Ninth circuit itself has not resolved the

7    matter for this jurisdiction.  However, the court finds persuasive the reasoning of a court in the

8    Eastern District of California, which held that § 1983 claims are not available for violations of

9    IDEA. *See Alex G. v. Board of Trustees of Davis Joint Unified Sch. Dist.*, 332 F.Supp.2d 1315

10   (E.D. Cal. 2004).

11        In 1984, the Supreme Court held that the predecessor to IDEA, the Education for All

12   Handicapped Children Act ("EHA"), was the exclusive mechanism for pursuing claims for a right

13   to free appropriate public education. *Smith v. Robinson*, 468 U.S. 992, 1009 (1984).  Specifically,

14   the Court held that IDEA's remedies displaced any independent remedies otherwise available under

15   the 14th Amendment or the Rehabilitation Act. *Id*.  In response to *Smith*, Congress amended the

16   EHA in 1986. *See* Pub.L. No. 99-372, 100 Stat. 796 (1986); S.Rep. No. 99 112, at 2 (1985),

17   *reprinted in* 1986 U.S.C.C.A.N. 1798, 1799.  Among other provisions, Congress added § 1415(f),

18   which stated in pertinent part: "Nothing in this title shall be construed to restrict or limit the rights,

19   procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of

20   1973, or other Federal statutes protecting the rights of handicapped children and youth."  This

21   provision certainly voided *Smith*'s broad holding that the EHA precludes overlapping but

22   independent claims otherwise cognizable under the Constitution, the Rehabilitation Act, or other

23   Federal laws. *See Hayes v. Unified Sch. Dist. No. 377,* 877 F.2d 809, 812 (10th Cir.1989).  It is

24   less clear, however, whether Congress intended § 1415(f) to also overrule *Smith*'s more narrow

25   implication that the EHA provides a comprehensive remedial framework that forecloses recourse to

26

4

1 § 1983 as a remedy for strictly EHA violations.

2        In *Alex G.*, the district court noted that nowhere in the legislative history of the amendment

3 did Congress indicate an intent to provide enforcement of IDEA through § 1983.  332 F.Supp.2d at

4 1318.  Ordinarily, claims under § 1983 are precluded where there is a sufficiently comprehensive

5 enforcement scheme provided by statute for the protection of the rights granted by that statute.  The

6 *Alex G.* court pointed out that, despite the 1984 amendment, the Supreme Court has continued to

7 "cite *Smith*'s discussion of the IDEA's enforcement provisions as an example of a statute with a

8 sufficiently comprehensive enforcement scheme to preclude its enforcement through § 1983."  *Id.*

9 at 1319 (citing *Wilder v. Va. Hosp. Ass'n*, 496 U.S. 498, 521 (1990); *Wright v. City of Roanoke*

10 *Redev. And Hous. Auth.*, 479 U.S. 418, 424-25, 427 (1987); *Blessing v. Freestone*, 520 U.S. 329,

11 347-48 (1997)).  The court explained:

12            The IDEA contains a carefully crafted administrative framework,
              which litigants must use to bring claims under the statute.  It
13            encourages school districts and parents to work together for the
              benefit of the child.  When there is a disagreement about the IEP, the
14            Act calls for voluntary mediation of claims.  20 U.S.C. § 1415(e).
              Unresolved claims are heard in the first instance by ALJs, who can
15            bring to the dispute their specialized knowledge and experience in
              this technical area.  *Id.* § 1415(f).  Finally, the IDEA substantially
16            limits the remedies that a successful plaintiff can receive.  The right
              to attorney's fees is more limited than under 42 U.S.C. § 1988 and,
17            most importantly, general compensatory damages are unavailable.
              *See* 20 U.S.C. § 1415(i)(3)(C)-(F) . . . .  These provisions create a
18            comprehensive enforcement scheme, directed at resolution, that is
              incompatible with enforcement through § 1983.

19

20 *Alex G.*, 322 F.Supp.2d at 1319.  This court agrees with the district court's analysis in *Alex G.*

21 Consequently, Plaintiffs will not be permitted to proceed on a § 1983 claim for violations of rights

22 granted by IDEA.  Because a § 1983 claim is not viable for violations of rights granted by IDEA,

23 the court need not address the issue raised by the parties of whether Plaintiffs were required to

24 exhaust administrative remedies.

25 ///

26

1    IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (# 40) is hereby

2 GRANTED in part.  Plaintiffs' third cause of action is hereby DISMISSED.

3    IT IS FURTHER ORDERED that Plaintiffs' ex parte Motion to convert Motions to Dismiss

4 to Motions for Summary Judgment (# 41) is hereby DENIED as the court did not consider matters

5 outside the pleadings.

6    IT IS SO ORDERED.

7    DATED this 9th day of March, 2007.

8

9    _____

10   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6