UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANGELA CARNEY, individually and as the
natural mother and Guardian on behalf of
DEVIN CARNEY, an individual minor child,   )   03:05-CV-00713-LRH-RAM

Plaintiffs,

ORDER

v.

THE STATE OF NEVADA ex rel. its
DEPARTMENT OF EDUCATION, et al.,

Defendants.

Presently before the court is a Request for Clarification, or in the Alternative, Motion for Reconsideration (# 59[1]) filed by defendants Elko County School District, Elko County Board of Trustees, Antoinette Cavanaugh, Susan Lawrence, Leslie Lotspeich, Bethany Burgess and Carol Banghart (collectively, "Defendants").  Plaintiffs, Angela Carney and Devin Carney (collectively, "Plaintiffs"), have filed an opposition (# 61), and Defendants replied (# 62).

On March 12, 2007, this court issued an order dismissing Plaintiffs' third cause of action finding that a § 1983 claim is not viable for violations of rights granted by the Individuals with Disabilities Education Act ("IDEA").  Defendants now seek clarification and/or reconsideration of that Order.  The court has previously outlined the factual background of this case.  *See* (March 12,

---

[1] Refers to the court's docket number.

2007, Order (# 58).)

In the present motion, Defendants argue that the court's decision "improperly permitted [Plaintiffs] to pursue educational discrimination claims under the [Rehabilitation Act ("RA")] and [Americans with Disabilities Act ("ADA")] without demonstrating exhaustion of administrative remedies under IDEA. Further, Plaintiffs are permitted to pursue state law claims without pendent jurisdiction." (Mot. for Reconsideration (# 59) at 6.) Because Defendants have mischaracterized the court's order, the court will now clarify its March 12, 2007, Order.

Defendants' motion to dismiss focused almost exclusively on their argument that Plaintiffs failed to exhaust their administrative remedies with respect to IDEA. The motion did not address any other claim brought by Plaintiffs. Defendants did not clearly raise their argument that Plaintiffs' alleged failure to exhaust administrative remedies pursuant to IDEA also bars their ADA and RA claim until their reply points and authorities. *See* (Reply in Support of Mot. to Dismiss (# 54) at 7.) Plaintiffs, in their opposition to Defendants' motion to dismiss, stated that they are only seeking money damages for physical injuries to Devin Carney and not educational remedies. Therefore, it appeared to the court that Plaintiffs were only seeking relief pursuant to § 1983 and not under IDEA directly.

Thus, the only issue decided by the court in its March 12, 2007, Order (# 58) concerned whether Plaintiffs have a viable § 1983 claim for violations of rights granted by IDEA. They do not. To the extent Plaintiffs are pursuing a claim under IDEA directly, such a claim is still before the court.

Upon reviewing the parties' points and authorities with respect to the present motion, it appears the issue of administrative exhaustion needs to be addressed by the court. Thus, Defendants may file a motion for summary judgment regarding this issue within thirty days (30) of the date of this order.

IT IS THEREFORE ORDERED that Defendants' Request for Clarification, or in the

1  Alternative, Motion for Reconsideration (# 59) is hereby GRANTED in part and DENIED in part.

2  The court hereby clarifies its March 12, 2007, Order (# 58) as follows: The court's March 12, 2007,

3  Order dismissed only that portion of Plaintiffs' third cause of action seeking relief pursuant to §

4  1983 for violations of IDEA.  Defendants' motion is denied in all other respects.  Defendants may,

5  however, file a motion for summary judgment within thirty (30) days of the date of this order.

6      IT IS SO ORDERED.

7      DATED this 30th day of October, 2007.

10      _____
    LARRY R. HICKS
    UNITED STATES DISTRICT JUDGE