UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANGELA CARNEY, individually and as the natural mother and Guardian on behalf of DEVIN CARNEY, an individual minor child,

Plaintiffs,

v.

THE STATE OF NEVADA ex rel. its DEPARTMENT OF EDUCATION, et al.,

Defendants.

03:05-CV-00713-LRH-RAM

ORDER

Presently before the court is a Motion to Dismiss (# 78[1]) filed by defendants Elko County School District ("ECSD"), Elko County Board of Trustees, Antoinette Cavanaugh, Susan Lawrence, Leslie Lotspeich, Bethany Burgess and Carol Banghart (collectively, "Defendants"). Also before the court is Defendants' Motion for Summary Judgment (# 77). Plaintiffs Angela Carney and Devin Carney (collectively, "Plaintiffs") have filed oppositions (## 83, 88), and Defendants have replied (## 87, 91).

**I. Factual and Procedural Background**

The events giving rise to this action have previously been described by the court and will not be repeated here. *See* (March 12, 2007, Order (# 58).) On March 12, 2007, this court

---

[1]Refers to the court's docket number.

dismissed Plaintiffs' third cause of action seeking compensatory damages under 42 U.S.C. § 1983 for an alleged violation of the Individuals with Disabilities Education Act ("IDEA"). *Id*. Defendants subsequently filed a motion for clarification (# 59) inquiring as to whether the court's order barred any IDEA or IDEA-related claim. On October 31, 2007, the court clarified its previously order and stated, "[t]o the extent Plaintiffs are pursuing a claim under IDEA directly, such a claim is still before the court." (Oct. 31, 2007, order (# 75) at 2.) The court further noted, however, that the issue of administrative exhaustion likely needs to be addressed by the court. *Id*. Thus, the court granted Defendants thirty days to file a motion for summary judgment. *Id*. at 2-3. Defendants subsequently filed a motion for summary judgment and a motion to dismiss.

**II. Motion to Dismiss**

Defendants have filed a motion to dismiss arguing that Plaintiffs have failed to exhaust their administrative remedies. Thus, Defendants argue that this court does not have jurisdiction to consider Plaintiffs' claim. Plaintiffs oppose the motion arguing there are no educational claims before the court. Plaintiffs further argue they satisfied the exhaustion requirement through the mediation process. Finally, Plaintiffs argue that exhaustion is not warranted because it would be futile and because Plaintiffs seek relief that cannot be granted by IDEA.

   **A. Legal Standard**

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 473 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a factual challenge or as a facial challenge. *Thornhill Publ'g Co., Inc. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 732 (9th Cir. 1979). In this case, Defendants are bringing a factual challenge. When faced with a factual attack, "'[n]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the

2

trial court from evaluating for itself the merits of jurisdictional claims.'" *Thornhill Publ'g Co., Inc.*, 594 F.2d at 733 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977)). "However, where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." *Augustine*, 704 F.2d at 1077.

**B. Discussion**

IDEA was enacted "to ensure that all children with disabilities have available to them a free appropriate public education [("FAPE")] that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d). "An appropriate public education does not mean the absolutely best or potential-maximizing education for the individual child. . . . The states are obliged to provide a basic floor of opportunity through a program individually designed to provide educational benefit to the handicapped child." *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994).

In case of a dispute between the school district and the parents, IDEA permits the parents of disabled children to "present complaints . . . with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(6). The statute provides that a parent who submits such a complaint "shall have an opportunity for an impartial due process hearing." 20 U.S.C. § 1415(f)(1)(A). IDEA further permits any party aggrieved by the finding and decision in the due process hearing to file a civil action in state or federal court. 20 U.S.C. § 1415(i)(2).

IDEA requires a plaintiff to exhaust his or her administrative remedies before bringing suit if that plaintiff is seeking relief that is also available under IDEA. 20 U.S.C. § 1415(l); *Robb v. Bethel Sch. Dist.*, 308 F.3d 1047, 1049 (9th Cir. 2002). "If a plaintiff is required to exhaust

administrative remedies, but fails to, federal courts are without jurisdiction to hear the plaintiff's claim." *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271, 1274 (9th Cir. 1999) (citing *Dreher v. Amphitheater Unified Sch. Dist.*, 22 F.2d 228, 231 (9th Cir. 1994)).  A plaintiff cannot avoid IDEA's exhaustion requirement by limiting a prayer for relief to money damages. *Robb*, 308 F.3d at 1049.  In determining whether a plaintiff must exhaust IDEA's administrative remedies, [t]he dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies." *Id*. at 1050.

It is unclear to the court whether Plaintiff has brought a cause of action directly under IDEA.  In their opposition, Plaintiffs assert that they do not have an IDEA claim before this court.  Nevertheless, Plaintiffs' third cause of action alleges that Devin was denied a FAPE. (Am. Compl. (# 9) ¶¶ 49, 52.)  To the extent Plaintiffs' third cause of action includes a claim directly under IDEA, the court finds that Plaintiffs have failed to exhaust their administrative remedies.

After Devin's G-tube was pulled out, Plaintiffs filed for a due process hearing.  However, it is undisputed that a hearing never occurred.  Instead, a mediation was held on August 10, 2005, between Plaintiffs and ECSD. (Mot. to Dismiss (# 78), Mediation Agreement, Ex. 2.)  As a result of the mediation, ECSD agreed to establish a Student Intervention Team to facilitate a successful transition and return to school. *Id.*  ECSD further agreed, among other things, to provide a classroom aide and ongoing school counseling services. *Id*.  The mediation agreement also provides, "Parent releases ECSD from all asserted and unasserted claims under federal and state education law; provided however, that this is not a release of any IDEA eligibility claims or tort claims against ECSD arising out of the events at school on February 15, 2005, when Devin's G-tube came out." *Id*.

IDEA's requirement of administrative exhaustion provides,

> [a]ny party aggrieved by the findings and decision made under subsection (f) or (k) of this section who does not have the right to an appeal under subsection (g) of this section, and any party aggrieved by the findings and decision made under this

subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section. . . .

20 U.S.C. § 1415(i)(2). Section 1415(f) sets forth the procedures for the impartial due process hearing. 20 U.S.C. § 1415(f). Section 1415(k) addresses placement in an alternative educational setting. 20 U.S.C. § 1415(k). Thus, § 1415(i)(2) does not permit those who are aggrieved by a mediation agreement to bring a civil action. 20 U.S.C. § 1415(i)(2). In other words, IDEA does not permit a plaintiff to exhaust administrative remedies by participating in mediation. 20 U.S.C. §§ 1415(f), 1415(i)(2), 1415(l); *Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 53 (1st Cir. 2000) (IDEA's mandate is explicit: plaintiffs must exhaust IDEA's impartial due process hearing procedures in order to bring a civil action under subchapter II of IDEA or any 'such law seeking relief that is also available' under subchapter II of IDEA.")

Plaintiffs, relying on *Witte*, 197 F.3d at 1274, argue that the mediation process satisfied the requirement to exhaust administrative remedies. The court disagrees. In *Witte*, a disabled student, through his "next friend" and parent, brought an action against the school district for alleged violations of the Rehabilitation Act, the Americans with Disabilities Act, and several state law tort claims. *Id*. at 1272. The district court dismissed the action on the ground that the plaintiff failed to exhaust IDEA administrative remedies. *Id*. After the alleged conduct occurred, the plaintiff reached an agreement with the school district and was moved to another school. *Id*. at 1273. No abuse occurred at the new school, and the plaintiff was satisfied with the new placement. *Id*. at 1274. However, as a result of the alleged abuse at the first school, the plaintiff in *Witte* sought only monetary damages. *Id*. at 1275.

In ruling on the exhaustion issue, the Ninth Circuit stated, "[b]ecause Plaintiff seeks only monetary damages, which is not 'relief that is available under' the IDEA, and because all educational issues already have been resolved to the parties' mutual satisfaction through the IEP process, Plaintiff is not 'seeking relief that is also available' under the IDEA." *Id*. at 1275 (citing

20 U.S.C. § 1415(l)).  Therefore, the court found exhaustion was not required.  Thus, the court in *Witte* did not hold that mediation is sufficient to exhaust administrative remedies.  Rather, the court permitted a claim for monetary damages where there were no remaining educational issues.  Thus, Plaintiffs did not exhaust their administrative remedies by participating in mediation.

In addition to IDEA, parents and disabled students may seek relief for education-related injuries under federal laws other than IDEA.  *Kutasi v. Las Virgenes Unified Sch. Dist*. 494 F.3d 1162, 1167 (9th 2007).  Pursuant to IDEA, a plaintiff must exhaust IDEA's administrative remedies before bringing suit "under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities" if the plaintiff seeks relief that is also available under IDEA.  20 U.S.C. § 1415(l); *Kutasi*, 494 F.3d at 1167.  In this case, the court finds that Plaintiffs' Rehabilitation Act ("RA") claim and Americans with Disabilities Act("ADA") claim do not seek relief that is also available under IDEA.

Plaintiffs' first cause of action sets forth a claim under the RA.  Section 504 of the RA provides, in relevant part, that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794(a).  Plaintiffs allege that Defendants "knew of the discrimination against Devin and they knew of their continual failure to keep Devin safe from the type of harm that caused him to be injured."  (Am. Compl. (# 9) ¶ 40.)  Plaintiffs further allege, "[t]hrough their deliberate indifference, defendants were the proximate cause of the harm to Devin; therefore, they are liable for compensatory damages and general damages in an amount to be proven at trial."  *Id*. ¶ 41.

Plaintiffs' second cause of action alleges a violation of the Americans with Disabilities Act ("ADA").  Title II of the ADA provides, in pertinent part, "no qualified individual with a disability

shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II was modeled after Section 504 of the RA. 29 U.S.C. § 794; *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976 (9th Cir. 1997). Plaintiffs allege that Defendants' "actions and deliberate indifference in failing to adequately implement Devin's nursing plan and in failing to offer him protection from other students, as well as other allegations of discrimination, was the proximate cause of his injuries, which are ongoing." (Am. Compl. (# 9) ¶ 44.)

The injuries alleged by Plaintiffs in both the RA and ADA claims are not injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies. Like the plaintiff in *Witte*, 197 F.3d at 1276, Plaintiffs' claim for damages is retrospective only. In other words, Plaintiffs are seeking damages to compensate them for Devin's injury. In analyzing whether a plaintiff must use IDEA's administrative procedures, the court looks to the source and nature of the alleged injuries. *Robb*, 308 F.3d at 1049. The injuries alleged in this case arise from a physical injury to Devin when his G-tube was pulled out by another student. "The remedies available under the IDEA would not appear to be well suited to addressing past physical injuries adequately; such injuries typically are remedied through an award of monetary damages." *Witte*, 197 F.3d at 1276. Thus, the court finds that Plaintiffs were not required to exhaust IDEA's administrative remedies prior to bring their ADA and RA causes of action. Because Plaintiffs have raised federal law causes of action, this court has jurisdiction pursuant to 28 U.S.C. § 1331. For these reasons, Defendants' motion to dismiss will be denied.

**III. Motion for Summary Judgment**

Defendants argue that summary judgment is appropriate on Plaintiffs' claims under the RA, the ADA, and Chapter 388 of the Nevada Revised Statutes. According to Defendants, these causes of action are barred by a mediation agreement between the parties. Plaintiffs, on the other hand,

7

argue that the mediation agreement only precludes them from bringing education claims. Plaintiffs argue that they are not bringing any education claims.

**A. Legal Standard**

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001). For those issues where the moving party will not have the burden of proof at trial, the movant must point out to the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp.,* 477 U.S. at 325.

In order to successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute

regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.  The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff.  *See id.* at 252.

**B. Discussion**

As previously mentioned, the parties entered into a written agreement following mediation.  One portion of the mediation agreement provides, "Parent releases ECSD from all asserted and unasserted claims under federal and state education law; provided however, that this is not a release of any IDEA eligibility claims or tort claims against ECSD arising out of the events at school on February 15, 2005, when Devin's G-tube came out."  *Id*.

Section 1415(e) of IDEA provides for a mediation procedure.  20 U.S.C. § 1415(e).  Section 1415(e)(2)(F) provides that if a resolution is reached, the parties shall execute a legally binding agreement that is enforceable in any district court of the Untied States.  20 U.S.C. § 1415(e)(2)(F).  In this case, the court must determine whether Plaintiffs' causes of action pursuant to the RA, the ADA and Chapter 388 of the Nevada Revised Statutes are claims under education law or whether they constitute tort claims arising from the incident where Devin's G-tube came out.

Although education law is not defined in the agreement, the court finds the mediation agreement does not bar Plaintiffs' claims under either the RA or the ADA.  As mentioned above, Plaintiffs' claims under the RA and ADA seek damages arising from a physical injury to Devin when his G-tube was pulled out by another student.  Such a cause of action sounds in tort.  Although the viability of such a claim under either the ADA or RA seem dubious,[2] these claims are appropriately characterized as tort claims not barred by the mediation agreement.

With respect to any claim arising under Chapter 388 of the Nevada Revised Statutes, the

---

[2]The court will permit a timely motion challenging these causes of action.

9

court finds such claim is barred by the Mediation agreement.  Plaintiffs' third cause of action alleges Defendants violated Chapter 388.  As previously discussed, Plaintiffs' third cause of action sets forth allegation that Plaintiffs were denied a free and appropriate public education.  Furthermore, Chapter 388 of the Nevada Revised Statutes specifically addresses the system of public instruction.  Nev. Rev. Stat. §§ 388.020-388.880.  Thus, any claim under Chapter 388 of the Nevada Revised statutes is appropriate characterized as a claim under state education law.  *See id*.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (# 78) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED in part and DENIED in part.  Defendants' motion is granted with respect to any claim arising under Chapter 388 of the Nevada Revised Statutes.  Defendants' motion is denied in all other respects.

IT IS SO ORDERED.

DATED this 26th day of July, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE